UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------- X

MARIA STOCKING,

              Plaintiff,

-against-

NEWMARK KNIGHT FRANK

VALUATION & ADVISORY, LLC,

              Defendants.

----------------------------------------------------- X

22 CV 07347 (ER)

**MEMO ENDORSED**

Newmark is directed to file any opposition by November 8, 2024.

SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: November 5, 2024
New York, New York

## MOTION FOR ISSUANCE OF CONDITIONAL SUBPOENA FOR DEPOSITION UPON WRITTEN QUESTIONS AND PROTECTIVE ORDER

Plaintiff, Maria Stocking, hereby submits this motion requesting the Court to issue a conditional subpoena for Jane Doe to provide testimony via a deposition upon written questions and to grant a protective order to ensure the safety and confidentiality of the witness. This motion is made on the following grounds:

## FACTUAL BACKGROUND

On October 29, 2024, on a phone call with Plaintiff, Jane Doe, a former employee of the Defendant, reconfirmed her direct involvement in critical actions pertinent to the Plaintiff's claims. Specifically, under directions from Amy Michels, SE Business Operation Manager for Newmark, Jane Doe was instructed to clear out the Plaintiff's office during the Plaintiff's medical leave. This action included shipping Plaintiff's personal items and discarding all non-personal items, including crucial physical appraisal work files.

Jane Doe, assisted by a colleague, disposed of the Plaintiff's physical work documents in the trash at Newmark's Miami office. This purported spoliation of evidence is pivotal to the case, rendering Jane Doe's comprehensive testimony crucial.

Jane Doe expressly communicated to the Plaintiff her reluctance to participate in the proceedings. She declined to provide an affidavit citing apprehension of professional retaliation due to her ongoing employment in the commercial real estate sector, where Newmark wields substantial influence.

**Context and Discovery Requests**:

Plaintiff previously requested, through discovery, all communications between Amy Michels, SE Business Operation Manager for Newmark, and Jane Doe pertaining to the directives to clear out Plaintiff's office and the subsequent disposal of Plaintiff's non-personal items, including crucial physical appraisal work files. The discovery request also includes the Newmark shipping bill showing Plaintiff's personal items were delivered to at 888 Biscayne Blvd. #705, Miami, FL 33132. The disclosure of these communications is crucial for substantiating the Plaintiff's claims without necessitating Jane Doe's direct testimony.

**Conditional Subpoena**:

Plaintiff requests that the Court conditionally issue a subpoena for Jane Doe, which would only become active if the Defendant fails to provide sufficient admissions or evidence through discovery responses that confirm the directives from Amy Michels and the actions taken by Jane Doe. This approach aims to minimize the stress and potential harm to Jane Doe while preserving her crucial testimony if needed.

*Protective Order and Anonymity:*

Should it become necessary to obtain testimony from Jane Doe, Plaintiff respectfully requests that the Court issue a protective order encompassing the following provisions:

- Pseudonym Use: Authorize Jane Doe to use a pseudonym during the deposition to safeguard her identity.
- Sealing of Records: Order that all deposition transcripts and associated records be sealed to restrict public access and reduce the potential for professional retaliation.
- Minimized Exposure: Ensure that the deposition upon written questions is administered in a manner specifically designed to reduce the witness's exposure and alleviate stress.

*Deposition Upon Written Questions:*

In light of the sensitive nature of the information involved and the potential risk of retaliation faced by the witness, Plaintiff seeks the Court's authorization to subpoena Jane Doe for a deposition upon written questions. This method will allow the witness to provide truthful responses without the pressure of an in-person testimony environment.

As part of the motion for a deposition upon written questions for Jane Doe. Plaintiff includes the following list of specific questions to be addressed by the witness:

1. Were you instructed by Amy Michels to clear out the Plaintiff's office?

2. Did you send the Plaintiff's personal items to her address of record?

3. Did you dispose of any non-personal items or documents from the Plaintiff's office?

4. Where were the disposed items placed, and what method of disposal was used?

5. Did anyone assist you in the process of disposing of these items? If so, please identify the individual(s) and describe the nature of their assistance.

### LEGAL BASIS

The request for a subpoena for deposition upon written questions and a protective order is grounded in Federal Rule of Civil Procedure 45 for subpoenas, Rule 31 for depositions upon written questions, and Rule 26(c), which allows for protective orders to safeguard individuals from annoyance, embarrassment, oppression, or undue burden or expense. The testimony of Jane Doe is vital for substantiating the claims regarding the spoliation of evidence, and the requested protective measures are necessary to mitigate potential harm to the witness due to her involvement in this litigation.

### CONCLUSION

Based on the above, the Plaintiff respectfully requests that the Court grant this motion for the issuance of a subpoena to Jane Doe for a deposition upon written questions and for a protective order to safeguard the witness's privacy and well-being. These measures are imperative to preserve the integrity of the judicial process and to ensure the fair and effective administration of justice in this matter.

Dated: October 31, 2024            /s/Maria Stocking

| | |
|---|---|
| Miami, Florida | Maria Stocking |
| | 888 Biscayne Boulevard, 57th Floor |
| | Miami, Florida 33132 |
| | 786-857-3681 |
| | Mstocking747@outlook.com |
| | *Plaintiff* |