UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X

MARIA STOCKING,

                                  22 CV 07347 (ER)

    Plaintiff,

-against-

NEWMARK KNIGHT FRANK

VALUATION & ADVISORY, LLC,

Defendants.

**MEMO ENDORSED**

Newmark is directed to respond by November 26, 2024.

SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: November 22, 2024
New York, New York

---------------------------------------------------------- X

**MOTION TO ADMIT EVIDENCE IN SUPPORT OF HEALTH INSURANCE REINSTATEMENT AND INCREASED SANCTIONSG**

*See Annexed as Exhibit A: Letter of Intent to Unum Regarding Termination of LTD Benefits*

### BACKGROUND

Within days of compelling strong evidence, the Defendant terminated Plaintiff's employment and health insurance benefits. As a result, Plaintiff requested the court's intervention to keep her health insurance during litigation along with an increase in sanctions for unlawful retaliation.

Previously submitted evidence (Doc 85) demonstrates this is not the first time the Defendant has taken retaliatory actions to harm the Plaintiff and obstruct her ability to litigate this claim.

As additional evidence, Plaintiff submits one of various letters sent to Unum in March 2024 regarding the retaliatory termination of her LTD benefits. Unum was fully aware of Plaintiff's claim against Newmark as her subsequent health deterioration -exacerbated by claim allegations- was documented in Unum's medical records.

Plaintiff chose not to pursue this Unum claim due to quality-of-life considerations. However, this letter illustrates Defendant's influence over insurers, Liberty Mutual and Unum, to engage in unethical and illegal actions designed to harm the Plaintiff and obstruct the adjudication of her claims.

The Defendant's immediate termination of Plaintiff's health benefits following protected activity mirrors the immediate, retaliatory termination of her LTD benefits, which also occurred after Plaintiff engaged in protected conduct. Plaintiff submits this evidence to the Court to highlight a clear and ongoing pattern of retaliation and obstruction by Newmark.

## ARGUMENT

Document 85 establishes that Newmark leveraged its influence over Liberty Mutual to interfere with judicial proceedings, influencing decisions at both the bench and bar levels to ensure outcomes favorable to Newmark. This collusion resulted in violations of Plaintiff's constitutional rights, including obstruction of justice and denial of due process, in a coordinated effort to undermine Plaintiff's claims.

Similarly, the "letter of intent" submitted here as evidence, shows Newmark's ability to influence Unum to bypass judicial orders and disregard valid medical reports. Despite comprehensive medical evidence and binding judicial mandates regarding Plaintiff's impairments, Unum

terminated Plaintiff's LTD benefits, inflicting irreparable financial and physical to obstruct Plaintiff's ability to litigate.

Evidence demonstrates a systemic pattern by Newmark targeting Plaintiff's legal counsel, financial stability, and health benefits in retaliation for exercising her constitutional rights and engagement in protected activity. Newmark's conduct includes influencing Liberty Mutual and Unum to engage in unethical actions designed to obstruct Plaintiff's litigation and cause irreparable harm.

Given the difficulty of obtaining direct evidence due to spoliation of evidence and obstructive behavior, the submitted evidence—including the letter detailing the termination of Plaintiff's Unum LTD benefits—should be evaluated as part of this retaliation pattern. In *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986), the Supreme Court recognized that patterns of misconduct and circumstantial evidence can establish intent or motive. Similarly, in *Hickman v. Taylor*, 329 U.S. 495 (1947), the Court acknowledged that circumstantial evidence and patterns of behavior are critical when direct evidence is unavailable due to obstructive actions.

## **REQUEST FOR RELIEF**

Plaintiff respectfully requests that the Court accept the submitted letter as evidence in support sanctions against Newmark for its repeated pattern of retaliation, obstruction of justice, and constitutional violations. This evidence substantiates Newmark's deliberate and a coordinated efforts to harm Plaintiff and prevent the adjudication of her claims, warranting immediate judicial intervention.

Dated: November 20, 2024

                              /s/*Maria Stocking*

Miami, Florida                    Maria Stocking

                                    888 Biscayne Boulevard, 57th Floor

                                    Miami, Florida 33132

                                    786-857-3681

                                    Mstocking747@outlook.com

                                    *Plaintiff*

Exhibit A: Letter of Intent to Unum Regarding Termination of LTD Benefits

Letter of Intent

March 1, 2024

Dear Unum,

I am writing to formally notify you of my intent to file a complaint against Unum for the wrongful and retaliatory termination of my Long-Term Disability (LTD) benefits following my engagement in a protected act—filing an employment discrimination claim against my employer, Newmark.

Unum's actions violate multiple laws, including the Americans with Disabilities Act (ADA), Title VII of the Civil Rights Act, and the Employee Retirement Income Security Act (ERISA), specifically concerning my LTD benefits. These actions demonstrate a retaliatory pattern designed to cause irreparable harm and obstruct my ability to pursue protected legal claims.

First Fact

The termination of my LTD benefits was based on a knowingly erroneous medical report. The error originated from my surgeon, Dr. Alejandro Pino, who performed two foot and ankle surgeries on me. A checkbox error in an updated medical report incorrectly indicated that I could meet the physical demands of my job, including carrying 25 pounds, despite my diagnosis of an irreparable torn ligament disorder following challenging surgeries.

Upon discovering the error, Dr. Pino immediately sent corrected reports clarifying that I was physically incapable of performing the job demands. Unum, however, knowingly used the erroneous report to justify expediting the termination of my LTD benefits, despite being notified of the correction.

When I formally reported the error and requested reinstatement, Unum's medical underwriters pressured Dr. Pino into signing a statement claiming he had "no opinion" on my ability to perform my job, directly contradicting his previous medical opinion. Unum then relied on this coerced statement to deny reinstating my benefits, further compounding its retaliatory misconduct.

Second Fact

Upon benefit termination, Unum's provided access to their internal claims file as required by law, where I found no record of my numerous medical diagnoses Unum had received, including Severe Vacuum Disc Morphology, Thoracic and Lumbar Spondylolisthesis, Sacrococcygeal Disorder, Idiopathic Scoliosis, Vertebrogenic Low Back Pain, and Torn Ligament Disorder.

Instead, the internal contained a single, fabricated e diagnosis of "Pain in Right Foot" to justify its actions. I've never had a doctor formally diagnose me with "Pain in Right Foot." The omission of my actual medical conditions from their internal files further illustrates Unum's bad faith and retaliatory intent.

Third Fact

Unum's LTD policy required me to apply for Social Security benefits, which I did through GENEX. The Social Security Judge issued a binding decision fully in my favor, finding that my long-term health conditions prevent me from performing any of my job responsibilities. This judicial ruling validated my physical impairments and confirmed that they are covered under my Unum LTD policy.

Unum's termination of my LTD benefits in direct defiance of this ruling demonstrates a blatant disregard for lawful authority and a retaliatory intent to harm me for engaging in protected activity.

Furthermore, Unum's actions have severely impacted my health and well-being by denying financial support and access to essential medications. These actions appear to be part of a coordinated effort between Newmark and Unum to retaliate against me for pursuing my discrimination claim. The termination of my LTD benefits is not only wrongful but also an attempt to weaken my ability to litigate against Newmark, with whom Unum has a financial and legal relationship.

Please be advised. I intend to pursue all legal avenues to protect my rights and seek compensation for the wrongful termination of my LTD benefits.

Sincerely,

Maria Stocking