UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X

MARIA STOCKING,

                                                                              22 CV 07347 (ER)

       Plaintiff,

-against-

NEWMARK KNIGHT FRANK

VALUATION & ADVISORY, LLC,

Defendants.

-------------------------------------------------------- X

> **MEMO ENDORSED**
>
> The Court is in receipt of Stocking's request to admit the letter annexed to Doc. 132 as evidence, as well as of Newmark's response, Doc. 141. The Court grants Stocking's request.
>
> SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: December 2, 2024
> New York, New York

**MOTION TO ADMIT EVIDENCE IN SUPPORT OF HEALTH INSURANCE REINSTATEMENT AND INCREASED SANCTIONSG**

*See Annexed as Exhibit A: Letter of Intent to Unum Regarding Termination of LTD Benefits*

### BACKGROUND

Within days of compelling strong evidence, the Defendant terminated Plaintiff's employment and health insurance benefits. As a result, Plaintiff requested the court's intervention to keep her health insurance during litigation along with an increase in sanctions for unlawful retaliation.

Previously submitted evidence (Doc 85) demonstrates this is not the first time the Defendant has taken retaliatory actions to harm the Plaintiff and obstruct her ability to litigate this claim.

As additional evidence, Plaintiff submits one of various letters sent to Unum in March 2024 regarding the retaliatory termination of her LTD benefits. Unum was fully aware of Plaintiff's claim against Newmark as her subsequent health deterioration -exacerbated by claim allegations- was documented in Unum's medical records.

Plaintiff chose not to pursue this Unum claim due to quality-of-life considerations. However, this letter illustrates Defendant's influence over insurers, Liberty Mutual and Unum, to engage in unethical and illegal actions designed to harm the Plaintiff and obstruct the adjudication of her claims.

The Defendant's immediate termination of Plaintiff's health benefits following protected activity mirrors the immediate, retaliatory termination of her LTD benefits, which also occurred after Plaintiff engaged in protected conduct. Plaintiff submits this evidence to the Court to highlight a clear and ongoing pattern of retaliation and obstruction by Newmark.

## ARGUMENT

Document 85 establishes that Newmark leveraged its influence over Liberty Mutual to interfere with judicial proceedings, influencing decisions at both the bench and bar levels to ensure outcomes favorable to Newmark. This collusion resulted in violations of Plaintiff's constitutional rights, including obstruction of justice and denial of due process, in a coordinated effort to undermine Plaintiff's claims.

Similarly, the "letter of intent" submitted here as evidence, shows Newmark's ability to influence Unum to bypass judicial orders and disregard valid medical reports. Despite comprehensive medical evidence and binding judicial mandates regarding Plaintiff's impairments, Unum

terminated Plaintiff's LTD benefits, inflicting irreparable financial and physical to obstruct Plaintiff's ability to litigate.

Evidence demonstrates a systemic pattern by Newmark targeting Plaintiff's legal counsel, financial stability, and health benefits in retaliation for exercising her constitutional rights and engagement in protected activity. Newmark's conduct includes influencing Liberty Mutual and Unum to engage in unethical actions designed to obstruct Plaintiff's litigation and cause irreparable harm.

Given the difficulty of obtaining direct evidence due to spoliation of evidence and obstructive behavior, the submitted evidence—including the letter detailing the termination of Plaintiff's Unum LTD benefits—should be evaluated as part of this retaliation pattern. In *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986), the Supreme Court recognized that patterns of misconduct and circumstantial evidence can establish intent or motive. Similarly, in *Hickman v. Taylor*, 329 U.S. 495 (1947), the Court acknowledged that circumstantial evidence and patterns of behavior are critical when direct evidence is unavailable due to obstructive actions.

## **REQUEST FOR RELIEF**

Plaintiff respectfully requests that the Court accept the submitted letter as evidence in support sanctions against Newmark for its repeated pattern of retaliation, obstruction of justice, and constitutional violations. This evidence substantiates Newmark's deliberate and a coordinated efforts to harm Plaintiff and prevent the adjudication of her claims, warranting immediate judicial intervention.

Dated: November 20, 2024

                                   /s/*Maria Stocking*

Miami, Florida                  Maria Stocking

                                 888 Biscayne Boulevard, 57th Floor

                                 Miami, Florida 33132

                                 786-857-3681

                                 Mstocking747@outlook.com

                                 *Plaintiff*