UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X

MARIA STOCKING,

22 CV 07347 (ER)

       Plaintiff,

-against-

NEWMARK KNIGHT FRANK

VALUATION & ADVISORY, LLC,

Defendants.

-------------------------------------------------------- X

**MEMO ENDORSED**

The Court is in receipt of Stocking's request to admit the exhibits annexed to Doc. 140 into evidence in support of Doc. 132, as well as of Newmark's response, Doc. 146. The Court grants Stocking's request.

SO ORDERED.

_____
Edgardo Ramos, U.S.D.J.
Dated: December 5, 2024
New York, New York

### MOTION TO SUBMIT NEW EVIDENCE AND ADD EVIDENTIARY EXHIBITS IN SUPPORT OF PLAINTIFF'S MOTION TO INCREASE SANCTIONS DOC 132

Plaintiff, Maria Stocking, respectfully files this motion to submit evidence in support of Plaintiff's statements in her "Letter of Intent addressed to Unum *(See* Doc. 132 page 6..) This evidence is necessary to prove the veracity of Plaintiff's statements and for a fair consideration to establish Newmark's pattern of obstruction and retaliation towards the Plaintiff for participating in the protected act of filing an employment discrimination claim against Newmark. Plaintiff also submits new evidence that is located after the description of evidentiary exhibits below.

## EVIDENTIARY EXHIBITS

1. **Exhibit A**: Dr. Alejandro Pino's Erroneous Medical Report Caused by Checkbox Error, Dated November 2, 2023, which incorrectly stated that Plaintiff could meet the physical demands of her job, despite a torn ligament disorder. (*See* Doc. 132, Pg.5, par.6) *"The termination of my LTD benefits was based on a knowingly erroneous medical report. The error originated from my surgeon, Dr. Alejandro Pino, who performed two foot and ankle surgeries on me. A checkbox error in an updated medical report incorrectly indicated that I could meet the physical demands of my job, including carrying 25 pounds, despite my diagnosis of an irreparable torn ligament disorder following challenging surgeries."*

2. **Exhibit B**: Dr. Alejandro Pino's Corrected Medical Reports, Dated November 16, 2023, and December 21, 2023, which clarified that Plaintiff is physically incapable of meeting job demands. (*See* Doc. 132, Pg.5, par.6) *Upon discovering the error, Dr. Pino immediately sent corrected reports clarifying that I was physically incapable of performing the job demands."*

3. **Exhibit C**: Dr. Alejandro Badia's Medical Report, Dated January 4, 2024, received by Unum, further supporting Plaintiff's claim of physical incapacity.

4. **Exhibit D**: Email from Plaintiff to Unum regarding the fabricated diagnosis of "Pain in Right Foot" in Unum's internal claim file, which did not reflect Plaintiff's actual medical condition. (*See* Doc. 132, Pg.7, par.3) *Instead, the internal contained a single, fabricated e diagnosis of "Pain in Right Foot" to justify its actions. I've never had a doctor formally*

  *diagnose me with "Pain in Right Foot." The omission of my actual medical condition from their internal files further illustrates Unum's bad faith and retaliatory intent.*

5. **Exhibit E**: Fully Favorable Ruling by Administrative Law Judge Tracey B. Leibowitz, Dated January 30, 2023, confirming that Plaintiff's long-term health conditions prevent her from performing her job responsibilities and are covered under her Unum LTD policy. (*See* Doc. 132, Pg.7, par.4) *The Social Security Judge issued a binding decision fully in my favor, finding that my long-term health conditions prevent me from performing any of my job responsibilities. This judicial ruling validated my physical impairments and confirmed that they are covered under my Unum LTD policy.*

**Relevance of the Additional Evidence**

The additional exhibits directly support the factual statements made in Plaintiff's "Letter of Intent to Unum" (*See* Doc. 132, pg. 6) and provide crucial evidence of Newmark and Unum's bad faith actions, including retaliation and obstruction of justice demonstrating the erroneous and fabricated information Unum relied on in the retaliatory termination of her benefits after Plaintiff participated in a protected act..

**Explanation for Delayed Submission**

The additional evidence was not included in the initial submission due to the difficulty in locating the dated documents. Plaintiff has since been able to retrieve the necessary records, which are now being submitted in support of her claims.

**Request to the Court**

Plaintiff respectfully requests that the Court allow the inclusion of the attached exhibits as part of the record in this case, in support of Doc. 132, page 6, as they are essential to the fair and just resolution of this matter.

## NEW EVIDENCE

Defendant recently filed Doc. 134 and admitted "*Plaintiff's employment was terminated because she "has not returned to work after Newmark's third-party benefits administrator closed her long-term disability claim based on its receipt of documentation supporting Plaintiff's ability to perform the material and substantial duties of her role."* (*See* Doc. 134, paragraph 5, page 6)

Plaintiff contends that Unum's willingness to provide the Defendant with a false statement regarding the Plaintiff's health demonstrates collusion with the intent to deceive the courts into believing the Plaintiff was healthy, in a coordinated strategy to reduce this claim's high liability risk due to pain and suffering and overall health damages, while simultaneously causing harm and distress to the Plaintiff by abruptly terminating her LTD benefits, while in the midst of essential medical treatment.

Plaintiff submits this prima facie evidence in support of her claims of retaliation and obstruction of justice, illustrating a pattern of obstruction and retaliation towards the Plaintiff for participating in a protected act and exercising her constitutional rights.

Dated: November 25, 2024

Miami, Florida

/s/Maria Stocking

Maria Stocking
888 Biscayne Boulevard, 57th Floor
Miami, Florida 33132
786-857-3681
Mstocking747@outlook.com
*Plaintiff*