UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X

MARIA STOCKING,

        22 CV 07347 (ER)

       Plaintiff,

-against-

NEWMARK KNIGHT FRANK

VALUATION & ADVISORY, LLC,

     Defendants.

---------------------------------------------------------- X

> The request is denied. The Confidentiality Stipulation executed by Newmark's counsel and Stocking's former counsel on behalf of the parties is valid and binding on the parties, and therefore governs discovery in this case. See Doc. 100, Exhibit A. Stocking is ordered to comply with the Confidentiality Stipulation.
>
> SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: December 23, 2024
> New York, New York

## PLAINTIFF'S MOTION TO LIFT CONFIDENTIALITY ORDER AND PROTECTIVE ORDERS

- Annexed as Exhibit A is a November 27, 2024, Discovery Response by the Defendant

*Should the Court find this written submission insufficient to fully address the issues presented, Plaintiff respectfully requests the opportunity for oral argument to clarify and expand upon the basis for this motion.*

### BACKGROUND

The Defendant has objected to all of the Plaintiff's discovery related to sanctions for spoliation of evidence, obstruction of justice and discrimination. Defendant states it will not respond to discovery until Plaintiff executes confidentiality agreement. (*See* Exhibit A) However, the Plaintiff

has been under court ordered confidentiality until such agreement is executed. Nevertheless, Plaintiff will be filing motions to compel this important and relevant evidence withheld by the Defendant.

After thorough reflection, the Plaintiff declines to sign any type of confidentiality agreement or protective order related to her claim.

Plaintiff respectfully request this Court lift its confidentiality order and any associated protective orders in this matter.

## ARGUMENT

Plaintiff objects to any form of confidentiality or protective order, as courts have consistently lifted such agreements when matters of public interest, government accountability and the integrity of the judicial system is at stake.

**PUBLIC INTEREST, GOVERNMENT ACCOUNTABILITY, JUDICIAL INTEGRITY**

This case, along with three related claims against Newmark, involves allegations of systemic discrimination, spoliation of evidence, obstruction of justice, and quid pro quid bribery. Plaintiff has already submitted direct evidence of these serious allegations to the courts.

As a publicly traded company, Newmark is subject to oversight by the SEC, NASDAQ, FINRA, DOL, and FTC, and is required to adhere to strict regulatory standards. Furthermore, Newmark's

Chairman, Howard Lutnick, has been nominated by the President-elect to serve as Secretary of Commerce, an appointment pending Senate confirmation and a federal background investigation.

Given these circumstances, the claims against Newmark transcend private disputes and raise critical issues of national importance. The systemic misconduct alleged in this litigation directly implicates the safety of our country and the integrity of our government at its highest levels. Courts have consistently held that matters of public interest warrant full transparency.

For example, in *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165 (6th Cir. 1983), the court emphasized the strong presumption of public access to judicial records, particularly when the information involves significant public health concerns. Similarly, in *Jessup v. Luther*, 277 F.3d 926 (7th Cir. 2002), the court held that transparency is paramount when cases involve government misconduct or public safety, recognizing that confidentiality must yield to the public's right to know. Further, in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994), the court outlined that protective orders should not be granted reflexively but must be carefully scrutinized, especially when they impede public accountability.

**Conclusion**

All related Plaintiffs no longer wish to remain constrained by the threat of silence and assert their First Amendment right to freedom of speech to ensure complete transparency—not only to pursue justice in their own cases but to protect the preservation of democracy and uphold the integrity of the judicial system. Plaintiffs respectfully request that this Court lift the confidentiality agreement and protective orders, enabling these proceedings to move forward in full public view, as justice, accountability, and the public interest demand. Suppressing Plaintiff's voices and evidence would

violate their constitutional right to speak freely about maters of significant public concern, which are essential to the functioning of a democratic society.

Respectfully,

December 16, 2024

                                           /s/Maria Stocking

Miami, Florida                Maria Stocking

888 Biscayne Boulevard, 57th Floor

Miami, Florida 33132

786-857-3681

Mstocking747@outlook.com