

**Stacey L. Pitcher**
Direct Dial: 917.994.2551
stacey.pitcher@obermayer.com
www.obermayer.com

**Obermayer Rebmann Maxwell & Hippel LLP**
60 East 42nd Street | 40th Floor
New York, NY 10165

**MEMO ENDORSED**

December 31, 2024

*VIA ECF*

Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> Newmark's request to file its motion to compel and corresponding exhibits under seal is granted.
>
> SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J.
> Dated: January 2, 2025
> New York, New York

Re:   **Maria Stocking v. Newmark Knight Frank Valuation & Advisory, LLC**
      **Case No. 1:22-cv-07347-ER**

Dear Judge Ramos:

Pursuant to Rule 3(ii) of Your Honor's Individual Practices, Newmark Knight Frank Valuation & Advisory, LLC ("Newmark") respectfully submits this letter motion to request that Newmark's Motion to Compel and its corresponding exhibits (collectively, the "Motion") in the above captioned matter be filed under seal. The request to seal the Motion is submitted to preserve the confidentiality of Maria Stocking's ("Plaintiff") medical treatment and diagnoses as required under the Confidentiality Agreement that was executed by Plaintiff's prior counsel. (*See* Doc. 100).

The Court "may order that a filing be made under seal." Fed. R. Civ. P. 5.2(d). Courts have granted the sealing of documents relating to a party's medical information. *See J.M. v. United Healthcare Ins.*, 2023 WL 6542179, *2 (S.D.N.Y. Sept. 29, 2023) (granting motion to seal entire Administrative Record, "which contains highly sensitive personal and medical information..."); *Molina v. Brann*, 2022 WL 18144068, *7 (S.D.N.Y. Dec. 16, 2022) (the sealing of Plaintiff's medical records "is necessary to protect Plaintiff's privacy interest in his medical information and that the sealing request is narrowly tailored to achieve that result."*)*; *Valentini v. Grp. Health Inc.*, 2020 WL 7646892, *2 (S.D.N.Y. Dec. 23, 2020) ("plaintiffs' privacy interests...outweigh the presumption of public access at this time").

Defendant's Motion discusses Plaintiff's medical treatment and diagnoses, as do the corresponding exhibits. Exhibit A, Plaintiff's responses to Newmark's Interrogatories and Requests for Production, contains the names of Plaintiff's medical providers and treatment information. Exhibits B, D, E and F contain correspondence with Plaintiff, which provides the name of Plaintiff's doctor and prior medical diagnoses. Exhibit G is a letter from Plaintiff's physician discussing Plaintiff's treatment.

Pursuant to the Confidentiality Agreement, "Confidential" is defined as "any Discovery Material containing medical . . . information . . . ." (*See* Doc. 100, ¶2(a)).  The agreement further provides that, if "Confidential" discovery materials are to be included in pleadings or documents filed with or otherwise disclosed to the Court, such papers shall be filed under seal. (*See* Doc. 100, ¶13).

In an effort to comply with the Confidentiality Agreement and in order to prevent public access to information relating to Plaintiff's medical records, Newmark respectfully requests that this Court seal Newmark's Motion to Compel and its corresponding exhibits.

We thank the Court for its attention to this matter.

    Very truly yours,

    *Stacey Pitcher*

    Stacey L. Pitcher

Cc:   Maria Stocking (via e-mail)