UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**Maria Stocking**,

Plaintiff,

v.

**Newmark Knight Frank Valuation & Advisory LLC**

Defendant.

Case No.: 1:22-cv-07347-ER

-------------------------------------------------------------------------------- X

**MEMO ENDORSED**

Newmark is directed to respond by May 2, 2025.

SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: April 25, 2025
New York, New York

- **Annexed as Exhibit A** – Defendant's Written Objections to At Issue Discovery Requests (#1, #2, #4, #6), served by Plaintiff October 28, 2024, dated November 27, 2024.
- **Annexed as Exhibit B** – Defendant's Written Objections to At Issue Discovery Request #7 served by Plaintiff October 28, 2024, dated November 27, 2024
- **Annexed as Exhibit C** – Email Correspondence from Plaintiff to Defendant dated December 17, 2024 (re Deficiency Notification and Meet and Confer)

**MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 15, 2025 ORDER (DOC. 194) DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DOC.189 STRIKED)**

PURSUANT TO LOCAL CIVIL RULE 6.3 AND FED. R. CIV. P. 60(b)(3)

I, Maria Stocking, pro se Plaintiff, respectfully move this Court for reconsideration of its April 15, 2025 Order denying Plaintiff's Motion to Compel Discovery. This request is not an attempt to

reargue previously rejected positions but is based on materially false assertions made by Defendant which the Court relied on in reaching its decision. These misstatements, if corrected, would have reasonably altered the outcome.

This motion is timely brought within the 14-day window allowed by Local Civil Rule 6.3.

**LEGAL STANDARD**

Under **Local Civil Rule 6.3**, a motion for reconsideration may be granted where the court has overlooked critical facts or legal authority. Similarly, **Federal Rule of Civil Procedure 60(b)(3)** permits relief from an order if the judgment was procured by fraud, misrepresentation, or misconduct by an opposing party.

The Second Circuit has held that reconsideration is appropriate where the moving party demonstrates that the court relied on materially false information. See *Winfield v. City of New York*, 2018 WL 716013, at *2 (S.D.N.Y. Feb. 1, 2018)*; *Greer v. Viacom Inc.*, 2017 WL 3096360, at *1 (S.D.N.Y. July 20, 2017)*.

**BACKGROUND**

- On **March 14, 2025**, Plaintiff filed a Motion to Compel Discovery.
- On **April 11, 2025**, Defendant opposed the motion, claiming Plaintiff failed to serve discovery and failed to meet and confer.
- On **April 14, 2025**, Plaintiff identified these claims materially false and misleading, notifying SDNY pro se office of her intent to respond and possibly subpoena phone records aimed at rebutting Defendant's claim Plaintiff never attempted to "meet and confer."
- On **April 15, 2025**, the Court denied Plaintiff's motion, citing four assertions made by Defendant.

**DEFENDANT'S FOUR FALSE ASSERTIONS**

1. Plaintiff never served the discovery requests at issue.

2. Plaintiff never attempted to meet and confer with Newmark.

3. Newmark never received Plaintiff's November 10, 2024 deficiency letter.

4. The motion to compel was the first time Newmark received notice of the discovery requests or alleged deficiencies.

Each of these statements is contradicted by documentary evidence, prior communications, and procedural history.

**EVIDENCE IN SUPPORT**

*The Seven Discovery Requests at Issue*

1. Emails between Greg Becker and Maria Stocking.

2. Emails between Greg Becker and Anthony Bonet and Steven Saiganor.

3. Job assignment and project logs for Raymond Higgins, David Gray, and Greg Becker.

4. Communications and appraisal reports related to BankUnited Hotel Valuations completed by David Gray and Maria Stocking.

5. Office space allocation records.

6. Exit documentation of Hispanic employees.

7. Communications regarding a verbal and physical altercation involving Jose Ortiz and Greg Becker.

*Clarification Regarding Discovery Requests #3, #5, and #6*

Plaintiff respectfully clarifies that Discovery Requests #3, #5, and #6 were served on Defendant by Plaintiff's former counsel, Stewart Karlin, who also conferred with Defendant's counsel pursuant to Rule 37. Defendant's assertion that these requests were never served or that the motion to compel was the first notice is demonstrably false.

The law is clear that a party remains bound by the actions of its attorney. See *Gonzalez v. City of New York*, 2015 WL 9450594, at *2 (S.D.N.Y. Dec. 22, 2015).

Moreover, Defendant's partial production of documents related to Request #5 confirms its awareness and acknowledgment of this discovery obligation. Defendant's later claim that these requests were "first received" with the March 14, 2025 motion is demonstrably false.

**Clarification Regarding Discovery Requests #1, #2, #4, #6 and #7**

Plaintiff further clarifies that Discovery Requests #1, #2, #4, and #7 were personally served on Defendant on **October 28, 2024**. On **November 27, 2024**, Defendant submitted a written objection specifically addressing these four requests. This written response—attached hereto as **Exhibit A and Exhibit B**—demonstrates Defendant's prior knowledge and refusal to comply.

Despite this record, Defendant stated in its April 11, 2025 opposition to Plaintiff's Motion to Compel that the motion was "the first time Newmark received notice" of these discovery requests. This assertion is flatly contradicted by the record. Defendant's objection dated November 27, 2024 is direct proof that Newmark received and reviewed the requests months prior to Plaintiff's motion.

This misrepresentation was central to the Court's ruling and warrants reconsideration under Local Civil Rule 6.3 and Rule 60(b)(3).

***Plaintiff's Efforts to Meet and Confer in Good Faith***

Defendant's assertion that Plaintiff never attempted to meet and confer with Newmark concerning the at-issue discovery requests is demonstrably false. As illustrated in **Exhibit C**, Plaintiff engaged in a written email communication with Defendant's counsel dated **December 17, 2024**, in which Defendant directly acknowledges Plaintiff's attempt to meet and confer regarding discovery matters.

Moreover, this correspondence led to a phone call and subsequent discovery conferences between the parties. These communications establish that Plaintiff consistently made good faith efforts to engage with opposing counsel, fulfill her discovery obligations, and resolve disputes without judicial intervention.

Throughout this process, Plaintiff expressed a commitment to avoiding unnecessary burden on the Court due to her *pro se* status and specifically requested opposing counsel to alert her to any procedural deficiencies in her approach. Defendant's counsel acknowledged this request and did not raise any such concerns. The absence of any notice or objection at that time further undermines Defendant's current claim that Plaintiff failed to properly meet and confer.

Courts have long held that attorneys must not exploit a pro se party's lack of legal training. In *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006), the Second Circuit emphasized that pro se litigants are "entitled to a liberal construction of their submissions" and should be treated with a degree of fairness appropriate to their status. Similarly, in *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994), the Court reaffirmed that attorneys and courts alike must avoid misleading or unfairly prejudicing pro se litigants.

*Clarification Regarding the November 10, 2024 Deficiency Letter Reference*

Defendant asserts that it never received the "November 10, 2024 deficiency letter" referenced in Plaintiff's Motion to Compel. Plaintiff acknowledges that this was a clerical error—the document referenced in the motion was misdated. The correct date of that correspondence is **December 17, 2024**, and it was transmitted via email to Defendant's counsel. This email is attached as **Exhibit C** and constitutes Plaintiff's pro se version of a deficiency letter.

Although Plaintiff, as a self-represented party, was unfamiliar with the legal term "deficiency letter," the content of the December 17 email clearly articulates her position: that Defendant's objections were invalid, that critical discovery was being withheld, and that she intended to file a motion to compel. Plaintiff's language and intent are unmistakable upon reading the email.

Despite repeated efforts to resolve the dispute—including phone calls and written communication—Defendant did not supplement its production. These delays ultimately prompted Plaintiff to file her Motion to Compel on **March 14, 2025**.

Should it be necessary, Plaintiff is prepared to subpoena phone records demonstrating a timeline of multiple discovery-related phone calls between the parties. These records would further establish Plaintiff's sustained effort to confer in good faith and resolve issues informally, as required by Rule 37.

Nonetheless, the Court denied Plaintiff's Motion to Compel on April 15, 2025, based on Defendant's materially false assertions—without providing Plaintiff an opportunity to respond or clarify the record.

This Court's reliance on inaccurate representations warrant reconsideration under **Local Civil Rule 6.3** and **Federal Rule of Civil Procedure 60(b)(3)**.

*CCONCLUSION*

Plaintiff respectfully asks the Court to reconsider its April 15, 2025 Order under **Local Civil Rule 6.3** and **Federal Rule 60(b)(3)**, as the decision relied on materially false statements. Plaintiff was not given the opportunity to respond or clarify the record. Reconsideration is warranted to prevent manifest injustice.

**CERTIFICATION OF EXHIBITS**

I, Maria Stocking, hereby certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the documents attached hereto as Exhibits A, B, and C are true and correct copies of records and communications I personally sent or received, and which are referenced in this motion. These exhibits are submitted in good faith and are authentic records of my case-related correspondence with Defendant's counsel.

Executed this 24 day of April 2025 in Miami, Florida

**Respectfully submitted,**

/s/ Maria Stocking, Plaintiff

888 Biscayne Boulevard , 57th Floor

Miami, Florida 33132

Mstocking747@outlook.com