UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Maria Stocking,

    Plaintiff,

v.

Newmark Knight Frank Valuation & Advisory, LLC,

    Defendant.

Case No. 1:22-cv-07347-ER

---

**MEMO ENDORSED**

The request to file the letter under seal is granted. The Clerk of Court is respectfully directed to change access to the sealed letter, Doc. 205, to the selected party viewing level.

SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: May 14, 2025
New York, New York

---

**NOTICE OF MOTION TO FILE LETTER OF NOTIFICATION UNDER SEAL**

Plaintiff Maria Stocking, proceeding *pro se*, respectfully moves this Court for leave to file under seal a forthcoming letter notifying the Court of a substantial loss of electronically stored information (ESI) relevant to this case.

This ESI loss stems from a series of cyberattacks that began in February 3, 2025, resulting in the wipe out of Plaintiff's physical electronic devices and synchronized cloud-based storage systems. Consequently, over four years of electronic communications and documents directly related to this litigation were effectively eliminated.

Plaintiff was recently advised on her legal obligation to notify the Court of ESI losses under Federal Rule of Civil Procedure 37(c) and ECF Rule 2.3, and that failure to disclose such losses—even if detrimental to her position—could be construed as spoliation of evidence.

Plaintiff had previously informed Defendant of these cyberattacks and the resulting data loss including communications with her prior lawyer Stewart Karlin. At that time, Plaintiff, unaware of any legal duty to notify the Court, expressed a desire to keep the breach private and deal with it independently. Defendant did not object to this request.

However, despite prior knowledge of these events, Defendant has now accused Plaintiff of misrepresentation for failing to produce certain discovery materials— keeping silent her knowledge that at issue discovery materials may have been lost due to cyber attack, while claiming the Plaintiff is misrepresenting her discovery communications.

The Defendant's omission, which carries significant implications, has made it clear to Plaintiff that she must now fully and transparently inform the Court of the cyberattacks, the extent of the resulting data loss, and the efforts undertaken to recover the affected information.

The contents of the proposed sealed letter include a brief narrative about the reported cyber harassment Plaintiff experienced via her ECF email account prior to the first cyber attack on February 3, 2025. Letter also includes highly sensitive account access information, forensic findings, intrusion methods and my containment and recovery efforts. The breach affected not only Plaintiff's cloud archives, but also extended to two personal computers, mobile phones, and multiple USB drives, all electronically storing information relevant to this case.

Public disclosure of this data could risk further breaches of surviving materials, jeopardize containment efforts, and interfere with related legal remedies, including actions to compel third-party production of digital evidence.

As set forth in the accompanying memorandum of law, sealing is warranted to safeguard the integrity of the legal process, ensure the preservation of critical digital evidence, and prevent the exploitation of unresolved security vulnerabilities. Plaintiff's sealed filing will be submitted concurrently via ECF, with a publicly accessible version that includes appropriate redactions.

Furthermore, Plaintiff has limited capacity and does not wish to pursue any investigation or make accusations concerning this cyber breach, unless deemed by the Court. However, Plaintiff believes it is important that the Court is fully informed of the data loss and how it impacts her ability to produce certain communications and documents.

Dated: May 6, 2025

Respectfully submitted,

/s/Maria Stocking

**Maria Stocking**

888 Biscayne Boulevard, 57th Floor

Miami, FL 33132

mstocking@fastmail.se

*Pro Se Plaintiff*

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL**

Plaintiff Maria Stocking respectfully submits this memorandum in support of her motion to file under seal a letter concerning the permanent loss of electronically stored litigation data due to cyberattacks, pursuant to ECF Rule 6.1 and *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

**I. Legal Standard**

Under *Lugosch*, documents submitted to the Court for adjudication are presumed public, but may be sealed if confidentiality interests outweigh that presumption. Courts permit sealing where disclosure poses risks to privacy, security, or the integrity of evidence. ECF Rule 6.1 further authorizes sealing requests where justified by sensitive or confidential content.

**II. Application**

Plaintiff's letter describes cyber harassment in her ECF email accounts, followed by coordinated cyberattacks that resulted in the loss of key litigation data. The letter contains sensitive information regarding cyber harassment, compromised accounts, forensic findings, and ongoing recovery efforts. Public disclosure risks further harm, exposure of unresolved vulnerabilities, and loss of remaining evidence.

**III. Conclusion**

Plaintiff respectfully requests that the Court grant leave to file the accompanying letter under seal to protect the confidentiality, integrity, and security of the information therein.

Dated: May 6, 2025

Respectfully submitted,

/s/ Maria Stocking

**Maria Stocking**

Plaintiff

888 Biscayne Boulevard, 57th Floor

Miami, Florida 33132

mstocking@fastmail.se